# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# THOMASVILLE DIVISION

| | | |
|---|---|---|
| FREDDIE HOUSTON, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | CASE NO. 6:07-CV-5 (CDL) |
| | * | 28 U.S.C. § 2254 |
| WILLIAM TERRY, Warden, | * | |
| | * | |
| Respondent. | * | |

## REPORT AND RECOMMENDATION

Before the court is Respondent's Motion to Dismiss Petition As Untimely. (R-10). Petitioner has filed his Response (R- 13) to Respondent's Motion to Dismiss.

In March of 1999, Petitioner was convicted of two counts of armed robbery and two counts of robbery in Thomas County Superior Court. Petitioner was sentenced to twenty years in prison. Petitioner appealed his conviction and sentence to the Georgia Court of Appeals where the same were affirmed on February 9, 2000. *Houston v. State*, 242 Ga. App. 300, 529 S.E.2d 431 (2000). Petitioner did not make application for *writ of certiorari* from the Georgia Supreme Court within the ten (10) days after the Georgia Court of Appeals decision as provided by Georgia Supreme Court Rule 38(1).

## The AEDPA Period of Limitations

The Anti-Terrorism and Effective Death Penalty Act (hereinafter "AEDPA") was enacted primarily to put an end to the unacceptable delay in the review of prisoners' habeas petitions in the federal courts. "The purpose of the AEDPA is not obscure. It was to

eliminate the interminable delays in the execution of state and federal criminal sentences, and the shameful overloading of our federal criminal justice system, produced by various aspects of this Courts habeas corpus jurisdiction." *Hohn v. United States,* 524 U.S. 236, 264-65, 118 S.Ct. 1969 (1998). The AEDPA, which became effective on April 24, 1996, therefore instituted a time bar as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; . . . .
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Under that statute, the limitation period begins to run on "the date on which the judgment became final by the conclusion of **direct review** or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(a)(A). (emphasis added). In *Kaufmann v. United States,* 282 F.3d 1336 (11th Cir. 2002), *cert. denied,* 123 S. Ct. 286 (2002), the United States Court of Appeals for the Eleventh Circuit joined other Circuits in holding that the AEDPA provides, *inter alia,* that a habeas petition may not be filed more than one year from the "date on which the judgment becomes *final." Id*. at 1339. The *Kaufmann* Court stated:

> We are persuaded by the fact that the Supreme Court has expressly defined when a conviction becomes "final," albeit prior to the enactment of AEDPA. *See Griffith v. Kentucky,* 479

2

> U.S. 314, 107 S. Ct. 708 (1987). In *Griffith,* the Court stated: "By *final,* we mean a case in which a judgment of conviction has been rendered, that availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied." *Id.* at 321 n.6, 107 S. Ct. 708 (emphasis added).

Since Petitioner did not seek a *writ of certiorari* from the Georgia Supreme Court, his judgment of conviction became final on February 20, 2000, which was the day following the 10 day period provided for application for *certiorari* to the Georgia Supreme Court. Therefore, the AEDPA one-year period of limitation, within which Petitioner Houston could have filed a federal application for *writ of habeas corpus* pursuant to 28 U.S.C. § 2254, began to run on February 20, 2000, and expired on February 19, 2001. During this federal limitations period, Petitioner filed no challenge to his conviction and sentence in either state or federal court. His State habeas petition filed on October 31, 2001 (Resp. Ex. 2), was filed more than eight months after the expiration of his AEDPA one-year limitation period.

The United States Court of Appeals for the Eleventh Circuit has held that "[a] state court petition [] that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled." *Webster v. Moore*, 199 F.3d 1256, 1299 (11th Cir. 2000). Thus, Petitioner's State Habeas action was filed too late to toll the statute. See *Tinker v. Moore,* (255 F.3d 1331, 1334, *cert. denied,* 534 U. S. 1144, 122 S.Ct. 1101 (2002).

Petitioner Houston's State habeas corpus action filed in the Superior Court of Thomas County on October 31, 2001, eight months after the expiration of the AEDPA one-year period of limitation, is time-barred, and, as such, fails to invoke the jurisdiction of this court.

THEREFORE, IT IS RECOMMENDED that Respondent's Motion to Dismiss Petitioner's Application for Habeas Relief under 28 U.S.C. § 2244(d) be **GRANTED**, and Petitioner's § 2254 action be **DISMISSED.** Pursuant to 28 U.S.C. § 636 (b)(1), the parties may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE WITHIN TEN (10) DAYS after being served with a copy hereof.

**SO RECOMMENDED,** this 22nd day of May, 2007.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

eSw